```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

PNC   BANK   NATIONAL   ASSOCIATION,
successor to RBC BANK (USA),

                  Plaintiff

vs.                                 Case No.  2:12-cv-673-FtM-29CM

ANGELO A.  MARINO,  an  individual
a/k/a ANTHONY A. MARINO,

                  Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on defendant Anthony A. Marino a/k/a Angelo A. Marino's Motion to Dismiss (Doc. #64) filed on January 17, 2014.  Plaintiff filed a Memorandum in Opposition (Doc. #66) on January 31, 2014.  For the reasons set forth below, the motion is denied.

**I.**

On March 21, 2013, plaintiff PNC Bank, National Association, filed a four-count Second Amended Verified Complaint (Doc. #36) against Riggs Commercial, LLC (Riggs), Douglas E. Weibel (Weibel), and Angelo A. Marino a/k/a  Anthony A. Marino (Marino) to foreclose a mortgage and for default of a promissory note and personal guaranties.  On February 10, 2014, the claims against defendants Riggs and Weibel were dismissed with prejudice.  (Doc. #69.) Therefore, plaintiff's only remaining claim is Count IV against defendant Marino for Breach of Guaranty.

**II.**

Defendant Marino asserts that the Court lacks subject matter jurisdiction because: (1) diversity jurisdiction cannot exist solely based on plaintiff's purchase of the debt; (2) plaintiff has failed to show ownership of the debt and therefore cannot prove diversity; (3) plaintiff failed to show it paid proper tax; (4) plaintiff's reliance on the forum selection clause is misplaced as the clause contains ambiguity; and (5) plaintiff's lack a complete showing of diversity as to defendant's domicile.  (Doc. #64.)

Subject matter jurisdiction relates to the Court's power to adjudicate a case.  Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247 (2010); Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 160 (2010).  If jurisdiction is found lacking, the Court can not proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); see also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

Fed. R. Civ. P. 12(b)(1) motions challenging the subject matter jurisdiction of the court may assert a "facial" attack or a "factual" attack on the jurisdiction of the court.  Morrison v. Amway Corp., 323 F.3d 920, 924 n. 5 (11th Cir. 2003).  A facial attack challenges subject matter jurisdiction based on the

-2-

allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion. Id. A factual attack challenges subject matter jurisdiction in fact, regardless of the pleadings. Id. In deciding a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. Id. In this case, defendant raises a facial attack on the Court's subject matter jurisdiction.

Subject matter jurisdiction in this case is premised on the presence of diversity of citizenship between the parties. (Doc. #36, ¶ 13.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Defendant Marino admits, and the Court is satisfied, that the amount in controversy is met. (Doc. #64, ¶ 19; Doc. #36, ¶¶ 2, 13.)

Plaintiff alleges that it is a national banking association with its main office in Delaware, as stated in its Articles of Association. (Doc. #36, ¶ 3.) For diversity jurisdiction purposes, a national bank is a citizen of the State designated in its articles of association as its main office. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). Plaintiff further alleges that defendant Marino is an individual and citizen of the State of Florida who resides in Collier County, Florida. (Doc.

#36, ¶ 9.) The Court is satisfied that plaintiff has properly pled complete diversity of citizenship. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).

Additionally, the Court finds that the following arguments made by Marino do not impact the Court's subject matter jurisdiction: (1) that at the time the mortgage and guaranty were executed, defendant Marino could not have reasonably anticipated being haled into federal court; (2) defendant Marino did not engage in activity which would subject him to the jurisdiction of the Court; (3) had the guaranty been retained by Community Bank of Naples, this Court would not have jurisdiction; (4) the right to litigate in federal court accrued by virtue of mergers and that Marino did not bargain for or receive additional compensation for the material change; (5) plaintiff breached the implied obligation of good faith under the agreements and breached the implied covenant that neither party shall do anything which will destroy or injure the other party's rights to receive the fruits of the contracts; (6) had plaintiff brought suit in state court, defendant Marino could not have removed the matter; (7) it would not be unduly burdensome for plaintiff to litigate in state court because it has chosen to litigate in state court in other cases; (8) the note is not enforceable unless an excise tax is paid on the transfer; (9) there is ambiguity in the guaranty's forum selection clause and choice of law provision; (10) there is a difference in

the wording of the forum selection clauses between the promissory notes; and (11) the permissive forum selection clause is the product of fraud and the overwhelming bargaining power of the original lender.  (Doc. #64, pp. 4-7, 9-13.)

Defendant Marino also argues that no diversity is alleged on the face of the Second Amended Verified Complaint because plaintiff has failed to show any assignment of mortgage, interest, or rights to plaintiff.  (Id., pp. 8, 9.)  The Court disagrees.  Plaintiff alleges that it is "the holder and owner of the Loan Documents," (Doc. #36, ¶ 4); "[o]n April 11, 2008, Community Bank of Naples merged into RBC Bank (USA), pursuant to the Articles of Merger filed with the Department of the Secretary of State for North Carolina," (Doc. #36, ¶ 28; Doc. #36-7); "by virtue of the merger, RBC Bank (USA) succeeded to all the rights and obligations of Community Bank of Naples with respect to the Loan and Loan Documents," (Doc. #36, ¶ 29); "[e]ffective March 2, 2012, RBC, was merged into PNC, with PNC as the surviving entity, pursuant to the Articles of Merger filed with the Department of the Secretary of State for North Carolina," (Doc. #36, ¶ 33; Doc. #36-9); and "[b]y virtue of the merger, PNC succeeded to all the rights and obligations of RBC Bank (USA), with respect to the Loan Documents," (Doc. #36, ¶ 34).  The Court finds that plaintiff has sufficiently pled ownership of the loan documents.  See also 15 U.S.C. § 215a(e).  Therefore, defendant Marino's motion is denied.

Accordingly, it is now

**ORDERED**:

Defendant Anthony A. Marino a/k/a Angelo A. Marino's Motion to Dismiss (Doc. #64) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 20th day of February, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record