UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK NATIONAL ASSOCIATION,
successor to RBC BANK (USA),

vs.                                    Case No. 2:12-cv-673-FtM-29CM

ANGELO A. MARINO, an individual
a/k/a ANTHONY A. MARINO,

          Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Final Summary Judgment (Doc. #42) filed on September 6, 2013. Defendant Angelo A. Marino filed a Response in Opposition (Doc. #55) on September 30, 2013. For the reasons set forth below, the motion is granted in part and taken under advisement in part.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

The basic undisputed facts are as follows: On or about March 31, 2006, Community Bank of Naples (Community Bank) loaned the sum of $1,641,250.00 to Riggs Commercial, LLC (Riggs) and Riggs executed and delivered to Community Bank a promissory note in the same amount. (Doc. #67, ¶¶ 1, 2.) Angelo A. Marino a/k/a Anthony A. Marino (Marino) executed and delivered a Commercial Guaranty Agreement (Guaranty) dated March 31, 2006 to Community Bank, which

provides in part that plaintiff shall not be required to pursue or exhaust any of its rights or remedies against Riggs or any collateral for the loan before pursuing its remedies against the guarantor. (Id., ¶¶ 5, 6.) On or about February 5, 2008, Riggs executed and delivered to Community Bank a renewal Promissory Note in the principal amount of $1,574,509.19, which renewed and modified the initial note and provided for the loan to mature on April 15, 2011. (Id., ¶¶ 3, 4.) On August 31, 2009, RBC Bank (USA)(RBC) and Riggs entered into a change in terms agreement, which modified the note and restated the principal amount of the loan at $1,497,626.46. (Id., ¶ 8.)

On April 11, 2008, Community Bank merged into RBC, pursuant to the Articles of Merger filed with the Department of the Secretary of State for North Carolina. (Id., ¶ 7.) RBC was merged into PNC Bank, National Association (PNC), with PNC as the surviving entity, pursuant to the Articles of Merger filed with the Department of the Secretary of State for North Carolina, effective March 2, 2012. (Id., ¶ 9.)

Riggs defaulted under the terms of the loan documents by failing to pay the loan at maturity on April 5, 2011. (Id., ¶ 10.) PNC sent Riggs and Marino a demand letter on September 19, 2012 demanding payment of accelerated amounts due under the loan. (Id., ¶ 11.) Despite the demand, Riggs has failed to pay the loan and

all amounts due thereunder and continues to fail to pay. (Id., ¶ 12.)[1]

**III.**

On March 21, 2013, plaintiff PNC filed a four-count Second Amended Verified Complaint (Doc. #36) against Riggs, Douglas E. Weibel (Weibel), and Marino to foreclose a mortgage and for default of a promissory note and personal guaranties. On February 10, 2014, the claims against defendants Riggs and Weibel were dismissed with prejudice. (Doc. #69.) Therefore, plaintiff's only remaining claim is Count IV against defendant Marino for Breach of Guaranty. In Count IV, plaintiff, pursuant to a Guaranty dated March 31, 2006, seeks the payment of Marino's share of ten percent of the loan principal, plus interest thereon, costs of collection and other items directly attributable to the note and attorneys' fees, not to exceed $205,156.25. (Doc. #36, ¶¶ 63, 64, 67.)

On March 25, 2013, defendant Marino filed his Answer and Affirmative Defenses (Doc. #37), in which he asserted eleven affirmative defenses.

---

[1]In the Joint Final Pretrial Statement (Doc. #67), plaintiff and defendant Marino also state that the mortgaged property, which consisted of three parcels, was sold between December 2013 and January 2014. (Id., pp. 4, 5.) One parcel was sold on December 27, 2013 with plaintiff receiving $59,891.19, the second parcel sold on January 24, 2014 with plaintiff receiving $178,546.05, and the third parcel sold on January 30, 2014 with plaintiff receiving $124,237.92. (Id.)

**IV.**

The parties agree that Marino signed a Guaranty which guaranteed full and punctual payment of ten percent of the loan principal, interest thereon, collection costs, and expenses and reasonable attorneys' fees, not to exceed $205,156.25.[2] The parties also agree that Riggs has defaulted under the terms of the loan documents, PNC sent Riggs and Marino a demand letter on September 19, 2012 demanding payment of accelerated amounts due under the loan, and despite the demand, Riggs has failed to pay the loan and all amounts due thereunder. Therefore, unless precluded by one or more of the affirmative defenses, plaintiff is entitled to summary judgment on Count IV.

Plaintiff argues that Marino's affirmative defenses fail as a matter of law, citing to the Second Amended Verified Complaint and the Affidavit of Muriel E. Stanton (Doc. #42-1). (Doc. #42, pp. 11-19.) Defendant Marino responds that his affirmative defenses do not fail, citing to his Affidavit (Doc. #56-1). (Doc. #55, pp. 2-4.) The Court will consider the affirmative defenses at issue.

**A. First Affirmative Defense**

Defendant contends that plaintiff is precluded from advancing a claim for any speculative damages or alleged damages that have

---

[2] A copy of the Guaranty is attached to the Second Verified Complaint. (Doc. #36-6.)

yet to occur, but will likely be incurred, (Doc. #37, p. 5), and that plaintiff has failed to sufficiently allege which items of damages have occurred, (Doc. #55, p. 3).  Plaintiff responds that the defense fails as a matter of law because plaintiff has not sought, and does not intend to seek, speculative damages, and that the amounts set forth in the Second Amended Verified Complaint and Affidavit have accrued, are readily ascertainable, and are liquidated.  (Doc. #42, p. 12.)  Defendant fails to identify a genuine issue of material fact as to this affirmative defense, and the undisputed material facts establish non-speculative damages.  The first affirmative defense fails.

**B. Second Affirmative Defense**

Defendant contends that plaintiff is precluded from advancing its claim to the extent it fails to file the original Guaranty, does not hold or own the Guaranty, or the Guaranty is held by a third party.  (Doc. #37, pp. 5, 6.)  Plaintiff argues that the defense fails because it is undisputed that it is the owner and holder of the Guaranty, and that it does not have to produce an original because defendant has not raised a question regarding the authenticity of the Guaranty and does not dispute that he signed the Guaranty.  (Doc. #42, p. 13.)  Defendant responds that it is not undisputed that plaintiff is the owner and holder of the Guaranty.  (Doc. #55, p. 3.)

The parties agree that defendant Marino executed and delivered the Guaranty to Community Bank; that Community Bank merged into RBC; and that RBC was merged into PNC, with PNC as the surviving entity. Defendant has had the opportunity to seek discovery on this issue and the discovery period has now expired. Defendant fails to identify a genuine issue of material fact as to whether plaintiff holds or owns the Guaranty and there has been no issue of the authenticity of the copy of the Guaranty. Therefore, this defense fails.

**C. Third, Fourth, Fifth, and Sixth Affirmative Defenses**

Defendant contends that any recovery should be set off and reduced by various factors. (Doc. #37, p. 6.) Plaintiff argues that the defenses are legally insufficient because defendant has expressly waived any claim of set off in the Guaranty. (Doc. #42, pp. 13, 14.) Defendant responds that there remains a genuine issue of fact as to whether defendant knew he could assert the valid defense of set off or waiver if a claim was made against him. (Doc. #55, p. 4.)

The Guaranty provides that: "Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness, this Guaranty or any other guaranty of the Indebtedness." (Doc. #36-6, p. 1.) The Guaranty also provides that: "Guarantor further waives and agrees

not to assert or claim at any time any deductions to the amount guaranteed under this Guaranty for any claim of setoff, counterclaim, counter demand, recoupment or similar right, whether such claim, demand or right may be asserted by the Borrower, the Guarantor, or both." (Id., p. 2.)

Because defendant fails to identify a genuine issue of material fact as to these affirmative defenses, the affirmative defenses fail.

**D. Seventh Affirmative Defense**

Defendant contends that plaintiff has failed to reasonably mitigate its damages. (Doc. #37, p. 6.) Plaintiff argues that the defense fails because the Guaranty does not impose a contractual duty on plaintiff to mitigate damages prior to bringing the action. (Doc. #42, p. 14.) Defendant responds that plaintiff, pursuant to public policy reasons, should be required to mitigate its damages. (Doc. #55, p. 4.) Because defendant fails to identify a genuine issue of material fact as to this affirmative defense, and public policy allows the parties to contract in the manner they did, the affirmative defense fails.

**E. Eighth Affirmative Defense**

Defendant contends that plaintiff is legally barred under the doctrines of waiver and estoppel. (Doc. #37, p. 8.) Plaintiff argues that the defense is insufficient because the defense is not accompanied by any facts and is merely a conclusory allegation and

that defendant is contractually barred from asserting the defense. (Doc. #42, pp. 15, 16.) The Guaranty provides that: "Lender shall not be deemed to have waived any rights under this Guaranty unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right." (Doc. #36-6, p. 3.) Defendant failed to respond to this argument. Because defendant fails to identify a genuine issue of material fact as to this affirmative defense, this affirmative defense fails.

**F. Ninth Affirmative Defense**

Defendant contends that the Guaranty is a contract of adhesion. (Doc. #37, p. 8.) Plaintiff argues that the defense is insufficient because defendant makes no factual allegations in support. (Doc. #42, p. 16.) Defendant failed to respond to this argument. Because defendant fails to identify a genuine issue of material fact as to this affirmative defense, this affirmative defense fails.

**G. Tenth Affirmative Defense**

Defendant contends that the Guaranty is unconscionable. (Doc. #37, p. 8.) Plaintiff argues that the defense is insufficient because defendant makes no factual allegations in support. (Doc. #42, p. 17.) Defendant failed to respond to this argument. Because defendant fails to identify a genuine issue of material

fact as to this affirmative defense, this affirmative defense fails.

**H. Eleventh Affirmative Defense**

Defendant contends that the Guaranty was procured by fraud in the inducement. (Doc. #37, p. 8.) Plaintiff argues that the defense is insufficient because defendant has failed to satisfy the elements to establish fraud in the inducement and that the express language of the Guaranty contradicts defendant's allegations. (Doc. #42, pp. 18, 19.) The Guaranty provides that: "Guarantor further agrees that Guarantor has read and fully understands the terms of this Guaranty; Guarantor has had the opportunity to be advised by Guarantor's attorney with respect to this Guaranty; the Guaranty fully reflects Guarantor's intentions and parol evidence is not required to interpret the terms of this Guaranty." (Doc. #36-6, p. 3.) Defendant responds that he has alleged sufficient facts to preclude the entry of summary judgment. (Doc. #55, p. 4.)

"A party can successfully defend against liability on a claim by showing that he was fraudulently induced to enter into the contract or transaction upon which such liability is asserted." Poneleit v. Reksmad, 346 So. 2d 615, 616 (Fla. 2d DCA 1977).[3] "[T]he burden of proving each element of an affirmative defense

---

[3]The Guaranty provides that: "This Guaranty will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Florida without regard to its conflicts of law provisions." (Doc. #36-6, p. 3.)

rests on the party that asserts the defense." Custer Med. Ctr. v. U.S. Auto. Ins. Co., 62 So. 3d 1086, 1097 (Fla. 2010)(citations omitted). The elements for fraudulent inducement are: "'(1) a false statement of material fact; (2) the maker of the false statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance; and (4) the other party justifiably relied on the false statement to its detriment.'" Shakespeare Found., Inc. v. Jackson, 61 So. 3d 1194, 1199 n.1 (Fla 1st DCA 2011)(quoting Rose v. ADT Sec. Servs., Inc., 989 So. 2d 1244, 1247 (Fla. 1st DCA 2008)), review granted, 74 So. 3d 1083 (Fla. 2011), quashed and remanded on other grounds, 108 So. 3d 587 (Fla. 2013).

In his affidavit, defendant states that: on March 31, 2008, he visited Community Bank's location in Naples; he met a bank representative by the first name of Manesh; Manesh presented the Guaranty to defendant to review and execute; defendant questioned Manesh about retaining his own attorney; Manesh told defendant it was not necessary to do so because his obligation in the event of Riggs' default would be minimal; and defendant relied on the statement and did not hire an attorney to review the Guaranty. (Doc. #56-1, ¶ 3.) The Court finds that in viewing the evidence and drawing all reasonable inferences in favor of the non-moving party, this does not create a genuine issue of material fact which would suggest this affirmative defense. Therefore, plaintiff's

motion for summary judgment will be granted as to the issue of liability.

### V.

As to the issue of damages, the Guaranty provides that defendant Marino guaranteed payment of ten percent of the loan principal, interest thereon, collection costs, and expenses and reasonable attorneys' fees, not to exceed $205,156.25. (Doc. #36-6, p. 1.)  Plaintiff seeks the maximum amount of $205,156.25. (Doc. #42, p. 21.)  However, plaintiff has failed to show that it is due $205,156.25.[4]

The Court will provide plaintiff with the opportunity to supplement its motion on the issue of damages.  Plaintiff may file a supplemental brief on the issue of damages by March 6, 2014. Defendant Marino may file a response to plaintiff's brief by March 20, 2014.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Final Summary Judgment (Doc. #42) is **GRANTED** as to the issue of liability on Count IV and is **TAKEN UNDER ADVISEMENT** as to the issue of damages on Count IV.

---

[4] Plaintiff submitted an affidavit by Muriel E. Stanton, who is a Vice President for plaintiff, which states that as of September 4, 2013, plaintiff is due $1,569,295.97. (Doc. #42-1.)  However, the Affidavit fails to show that ten percent of the loan principal, interest thereon, collection costs, and expenses and reasonable attorneys' fees is greater than $205,156.25.

2. Plaintiff may file a supplemental brief on the issue of damages by **March 6, 2014.** Defendant Angelo A. Marino may file a response to plaintiff's brief by **March 20, 2014.**

3. The Final Pre-Trial Conference and Trial are **CANCELLED.**

**DONE AND ORDERED** at Fort Myers, Florida, this 20th day of February, 2014.

> JOHN E. STEELE
> UNITED STATES DISTRICT JUDGE

Copies: Counsel of record